IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MATTHEW POWDRILL, | )<br>)<br>) |
| Plaintiff, | ) 2:19-CV-00033-MJH<br>)<br>) |
| vs. | )<br>) |
| SMOKE BBQ TAQUERIA, | )<br>) |
| Defendant, | |

OPINION AND ORDER

Plaintiff, Matthew Powdrill ("Powdrill") brings the within action for damages related to a Title VII retaliation claim against Defendant, Smoke BBQ Taqueria ("Smoke BBQ"). Pending before the Court is Smoke BBQ's Motion to Dismiss for Failure to State a Claim. (ECF No. 5). Upon review of the Complaint (ECF Nos. 1, 1-2), Smoke BBQ's Motion to Dismiss and Brief in Support (ECF No. 6), Powdrill's Brief in Opposition (ECF No. 11), Smoke BBQ's Reply Brief (ECF No. 15), and for the following reasons, Smoke BBQ's Motion to Dismiss is granted.

I. **Factual Background**

Plaintiff Matthew Powdrill ("Powdrill") is a citizen of Pennsylvania and an African American male. (ECF No. 1 at ¶ 3; ECF No. 1-2 at ¶ 4). In 2015, Defendant Smoke BBQ Taqueria, a restaurant in Pittsburgh, Pennsylvania ("Smoke BBQ") employed Powdrill as a prep cook. (ECF No. 1-2 at ¶¶ 2-3, 5). In June 2017, Powdrill filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") based upon race discrimination, and the EEOC issued a Notice of Right to Sue on or about July 13, 2017. (ECF No. 1 at ¶¶ 9, 11).

Sometime thereafter, Smoke BBQ's owner, Jeff Petruso ("Petruso"), and Powdrill's supervisor, Kate, met with Powdrill to discuss the EEOC Charge. *Id.* at ¶ 12. At the meeting,

when Powdrill attempted to discuss his EEOC Charge, Petruso became angry and stressed to Powdrill that he and his employees were not racist. *Id.* at ¶¶ 13-14. Petruso then sent Powdrill home for the day. *Id.* at ¶ 15.

On October 21, 2017, Powdrill was giving advice to a new cook at Smoke BBQ on how to work more efficiently, when his coworkers, Mike and Rusty, yelled at him to "just shut the fuck up and do what you need to do[.]" *Id.* at ¶¶ 16-18. Powdrill alleges that he responded to Mike by telling him "you don't need to get into my face to speak with me." *Id.* at ¶ 19. Four days later, Petruso and Kate approached Powdrill with a write up for threatening Mike. *Id.* at ¶¶ 20-21. Powdrill refused to sign the write up, believing it was in retaliation to the EEOC Charge he had filed in June 2017. *Id.* at ¶ 23. Powdrill then asked his supervisor, Kate, whether she would investigate the allegations made against him. *Id.* at ¶ 25. Kate allegedly responded by telling Powdrill "no I don't care about that. I'm tired of your shit. Sign this or we're done here." *Id.* at ¶ 26. After Powdrill again refused to sign the write up, he was terminated from Smoke BBQ, less than one week after his ninety-day window to file suit lapsed per the EEOC's Notice of Right to Sue. *Id.* at ¶¶ 27-28. The Employee Warning Notice, which Powdrill refers to as a "write-up," states in part as follows:

> By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement. Signing this form does not necessarily indicate that you agree with this warning.

(ECF No. 6-1).

## II. Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

2

to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although the plausibility standard "does not impose a probability requirement," *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Third Circuit has held that district courts should perform a two-part analysis when presented with a Rule 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should consider only factual allegations, not legal conclusions. *Id.* at 210-11. Second, accepting all factual allegations as true, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). To survive a motion to dismiss, a pleading party need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Id.* at 213.

## III. Discussion

Smoke BBQ contends that Mr. Powdrill fails to sufficiently plead a retaliation claim because he voluntarily abandoned his job rather than acknowledge receipt of a written warning, which cannot give rise to a constructive discharge, and therefore, he has not suffered a materially adverse action.

A Title VII retaliation claim requires a plaintiff to show that (1) he engaged in a protected activity; (2) that his employer took a materially adverse action against him at the same time or after he engaged in the protected activity; and (3) that there is a causal connection between the protected activity in which the plaintiff engaged and the materially adverse action taken by his employer. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d.Cir. 2006).

At this stage, Smoke BBQ is only disputing the sufficiency of the second element. To satisfy the second element of a Title VII retaliation claim, a plaintiff must show that his employer took materially adverse action against him after, or contemporaneous with, his engaging in a protected activity. *Burlington N. & S.F. Ry. v. White*, 548 U.S. 53, 68 (2006). A materially adverse action is one that would dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation omitted). The determination of whether an employer's action is materially adverse is context specific, "for an act that would be immaterial in some situations is material in others." *Id.* at 69 (internal quotation omitted). The Third Circuit has held that reducing an employee's work hours, negative performance reviews, changed worked duties, threats, and being transferred all could dissuade a reasonable worker from filing an EEOC complaint. *Moore*, 461 F.3d at 346-47. No such actions are alleged in this case.

At this stage, Powdrill fails to plead sufficient factual allegations to raise a plausible inference that Smoke BBQ took materially adverse actions against him. Powdrill alleges in his

4

complaint that, when Petruso tried to talk to him about his EEOC charge, Petruso yelled at him and sent him home for the day. (ECF No. 1 at ¶¶ 13-14). "In evaluating whether actions are materially adverse, [the court] must remain mindful that 'it is important to separate significant from trivial harms' because '[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.'" *Moore*, 461 F.3d 331 at 346. Courts have held that being "yelled out" is not a materially adverse action. *See Stephens v. Erickson*, 569 F.3d 779, 790 (7th Circuit). As regards being sent home, the Complaint is devoid of facts that Powdrill suffered any specific resultant harm. Therefore, Smoke BBQ's Motion to Dismiss is granted, as regards the earlier discussion about the EEOC charge.

As regards the write-up, Powdrill avers that Petruso and his supervisor, Kate, drafted a disciplinary write-up against him based upon fabrications that he threatened another employee. *Id.* at ¶¶ 20-21. Smoke BBQ contends that Powdrill was not fired from his job; but rather, he voluntarily resigned when he refused to sign the write-up. In reviewing the Complaint and the substance of the write-up, Powdrill has not sufficiently alleged an adverse employment action, because he effectively resigned rather than acknowledge receipt of the warning. The Complaint fails to allege that, by signing the document, Powdrill would have directly suffered any resulting disciplinary action. *See Mims v. City of Philadelphia*, No. CIV.A. 09-4288, 2010 WL 2077140 (E.D. Pa. May 19, 2010) (a "written warning, alone, could not reasonably give rise to a claim for a constructive discharge); and *Maqagi v. Horizon Lamps, Inc.*, No. CV 13-1573, 2016 WL 3027767 (E.D. Pa. May 26, 2016). Therefore, Smoke BBQ's Motion to Dismiss, as regards, Powdrill's claims of retaliation regarding alleged termination for refusal to sign the write-up, is granted.

Because Powdrill may have additional facts to plead to address the deficiency of a material adverse action to support his retaliation claim, Powdrill shall be granted leave to amend his Complaint.

**ORDER**

AND NOW, this 12th day of July, 2019, after careful consideration of the Complaint (ECF Nos. 1, 1-2), Defendant's Motion to Dismiss and Brief in Support (ECF No. 6), Plaintiff's Brief in Opposition (ECF No. 11), Defendant's Reply Brief (ECF No. 15), and for the reasons stated above, Defendant, Smoke BBQ's, Motion to Dismiss for failure to state a claim is Granted. Plaintiff's Complaint is hereby dismissed. Plaintiff, Powdrill, is granted leave to file any amended complaint on or before July 26, 2019.

BY THE COURT:

Marilyn J. Horan
United States District Judge